McHugh, J.
This is an appeal from a decision of the Cambridge Zoning Board of Appeals denying plaintiffs request for a variance. The appeal was properly filed in this Court pursuant to G.L.c. 40A, §17 and all procedural requirements were met. The matter came on for trial before the undersigned, sitting without a jury. Based on the evidence presented during the course of the trial and the reasonable inferences I have drawn from that evidence, I make the following findings of fact and conclusions of law:
Plaintiff, Rosemary Winfield, owns, and lives in, a single-family house at 22 Woodbridge Street in Cambridge. The lot Ms. Winfield owns is approximately 3,600 square feet. The distance between the front of plaintiffs house and the Woodbridge Street curb is approximately IIV2 feet.[1] The other lots on Woodbridge Street are of similar size and have similar front-yard set-backs.
On or about December 11, 1995, Ms. Winfield filed with the Cambridge Zoning Board an application for a variance from Article 6, §44.1(c) of Cambridge Zoning Ordinance. Section 44.1(c) provides in pertinent part as follows:
Set backs for on grade open parking facilities shall be provided as follows:
(c) no on grade open parking space shall be located within a required front yard set back.
In response to the following questions on the application, plaintiff provided the following answers:
A) A [literal] enforcement of the provisions of this Ordinance would involve a substantial hardship, financial or otherwise, to the petitioner or applicant:
Security reasons, finding a space late at night when I come home is difficult, nearly impossible during snowy winter months, not feasible to move the existing bulkhead.
B) The hardship is owing to circumstances relating to the soil conditions, shape or topography of such land or structures and especially affecting such land or structures but not affecting generally the zoning district in which it is located:
Existing building was built [before] zoning ordinance came into effect.
Plaintiffs application came on for a hearing before the Zoning Board on February 8, 1996. The Planning Board, which routinely submits to the Zoning Board the Planning Board’s view of applications pending before the latter, stated in writing that it “would like to express the usual comments and concerns regarding variances to park in the front yard set back. The loss of the front yards to parking for cars detracts from the residential character of neighborhoods." No member of the Planning Board, however, appeared at the Zoning Board hearing to offer testimony.
At the hearing itself, plaintiff testified in support of her application and her testimony was consistent with the application she had filed earlier. No abutters were present and no letters were submitted from any abutters in favor of or in opposition to the variance plaintiff sought.[2]
Following plaintiffs testimony, the Board voted to deny plaintiffs request for a variance. The Board stated its reasons as follows:
The Board based its decision on the lack of hardship caused the Petitioner by the literal enforcement of the Ordinance. There is no hardship owing to the shape and location of the structures and the land on which they are situated, but which does not affect generally the zoning district in which they are located. The Board also found that desirable relief could not be granted without substantial detriment to the public good and without nullifying or substantially derogating from the intent or purpose of the Ordinance.
In the immediate vicinity of plaintiffs house, eleven houses have curb cuts that permit cars to be parked in the front yards. Other houses in the neighborhood have driveways leading from the street into the property. In both configurations, neighbors frequently park their cars in their front yards. Most of the houses in the neighborhood are old and were built before Cambridge adopted its first zoning ordinance. Virtually all, therefore, are nonconforming uses. There is no evidence, however, that front-yard parking was a use in which plaintiff engaged before adoption of Art. 6, §44.1(c) of the current by-law, the provision here at issue. Indeed, all evidence is to the contrary.
On appeal from a zoning board’s denial of a variance, the Court hears the matter anew and determines the validity of the Board’s decision on the basis of facts the Court, not the Board, finds. Gordon v. Zoning Board of Appeals of Lee, 22 Mass.App.Ct. 343, 348 (1986). A variance cannot be granted unless a hardship arises out of “circumstances relating to the soil conditions, shape, or topography of land or structures that especially affect that land or structures but not the zoning district generally.” G.L.c. 40A, §10. Although the applicant need not show that, absent a *700 variance, his or her land would be -virtually unusable in order to demonstrate the relevant “hardship,” Marashlian v. Zoning Board of Appeals of Newburyport, 421 Mass. 719, 726 (1996), the “hardship” must affect general use of the land and not some particular use unique to the land’s current owner. See, e.g., Gamache v. Town of Achshnet, 14 Mass.App.Ct. 215, 217 n.6 (1982); Huntington v. Hadley Zoning Board of Appeals, 12 Mass.App.Ct. 710, 715 (1981); Dowd v. Board of Appeals of Dover, 5 Mass.App.Ct. 148, 156 (1977). Moreover, the fact that a lot is too small to accommodate a desired use as of right does not give rise to the requisite “hardship." Mitchell v. Board of Appeals of Revere, 27 Mass.App.Ct. 1119, 1120 (1989) (rescript). See also Tsagronis v. Board of Appeals of Wareham, 415 Mass. 329, 332 (1993).
Here, while one must sympathize with plaintiffs desire to deal with what clearly are difficult parking conditions existing in her neighborhood, she has not proved the existence of conditions that are a necessary predicate to issuance of a variance. The problem with plaintiffs lot relates to its size, not to soil conditions, shape or topography either of the land or of the structure that sits on the land. Moreover, the small size of plaintiffs lot and the difficult parking conditions in the neighborhood are not unique to plaintiffs lot but affect virtually every other house, if not in the zoning district, at least in her immediate neighborhood. Chapter 40A simply did not contemplate, and does not permit, issuance of a variance under those circumstances.
ORDER
In light of the foregoing, judgment will enter DISMISSING plaintiffs complaint.

 Plaintiffs lot is located in a Residence B zone where the minimum lot size is 5,000 square feet and the minimum front-yard set-back is 15 feet. Plaintiffs house, therefore, is a nonconforming lot.

 Plaintiff also applied to the City’s Department of Inspectional Services for a curb-cut that would be necessary if she were to obtain a variance enabling her to park an automobile in her front yard. That application was supported by statements of no opposition by various abutters. There is no suggestion, however, that the curb-cut application or the abutters’ support was brought to the attention of the Zoning Board.