JOHN MITCHELL & another[1] *vs.* BOARD OF APPEALS OF REVERE & another.[2] No. 88-P-1010. May 2, 1989. *Zoning*, Variance.

The defendant Solomons is the owner of a small, roughly rectangular, ocean-view parcel of land in Revere which is zoned "RB". In the RB district the uses permitted of right are one- and two-family dwellings, churches, schools, hospitals, and pumping stations. To be buildable a lot must contain 6,000 square feet, have a frontage of 60 feet, and have front and side yards of 15 feet and a rear yard of 20 feet. Solomons' lot is sandwiched between Winthrop Parkway on the east (frontage 67.53 feet) and Endicott Avenue on the west (frontage 60.00 feet). The sidelines are 46.50 feet and 35.91 feet, leaving the lot with an area (2,556 square feet) too small to qualify for protection as a house lot under the "grandfather" provisions of G. L. c. 40A, § 6, 4th par. (requiring 5,000 square feet) or § 17.24.030(B) of the Revere zoning ordinance (requiring 3,000 square feet).

Solomons, who purchased the lot for $50,000 knowing that it was not buildable of right, applied for variances to build a house 28 feet wide by 30 feet deep, fronting on Endicott Avenue, with a front yard of two feet and a rear yard (back to Winthrop Parkway) of four to seven feet. Over the opposition of neighbors the board of appeals granted the variances, finding "hardship as [Solomons] wants to move closer to his work" and "hardship on the land as the topography of the land slopes from the front (Endicott Avenue) down to approximately, more or less, a 12 feet drop in the rear to Winthrop Parkway." Expanding on that finding, a judge of the

---

[1] Edward Wall.

[2] Michael Solomons.

Superior Court found that "[t]he slope of the lot is approximately twenty feet from the highest point on Endicott Avenue to the lowest point adjacent to Winthrop [Parkway]. This severe slope exists along this one strip of land, but does not exist throughout the neighborhood." Acknowledging that Solomons' proposed house "will cause some obstruction to the neighbor's views," he observed that "it will not cut off all of the views from the surrounding houses" and concluded that it would not constitute a substantial detriment to the public good or derogate from the intent or purpose of the zoning ordinance. Except as a locus for a single family home, the judge found, the lot is useless. He affirmed the grant of a variance.

The resulting judgment cannot be sustained. General Laws c. 40A, § 10, as amended through St. 1984, c. 195, requires, as one of several essential prerequistes to the grant of a variance, "that owing to circumstances relating to the soil conditions, shape, or topography of such land . . . and especially affecting such land . . . but not affecting generally the zoning district in which it is located, a literal enforcement of the [zoning ordinance] would involve substantial hardship, financial or otherwise, to the [applicant] . . . ." The hardship in this case is not "owing to the topography" of the land. The slope does not prevent the erection of a house. Rather, the hardship arises solely from the fact that the lot is too small to qualify as a buildable lot under the zoning ordinance or to achieve exemption under the grandfather clauses applicable to lots created before zoning. In these circumstances § 10 gives the board of appeal no authority to grant a variance. *Guiragossian* v. *Board of Appeals of Watertown*, 21 Mass. App. Ct. 111, 116 (1985). *Gordon* v. *Zoning Bd. of Appeals of Lee*, 22 Mass. App. Ct. 343, 350 (1986). *Shafer* v. *Zoning Bd. of Appeals of Scituate*, 24 Mass. App. Ct. 966, 967 (1987). Contrast *Paulding* v. *Bruins*, 18 Mass. App. Ct. 707, 710 (1984), in which the hardship was found to be owing in large measure to the unique and peculiar shape of the lot.

The judgment is reversed. A new judgment is to be entered that the decision of the board of appeals was in excess of its authority and is annulled.

*So ordered.*

*Carole A. Z. Root* for the plaintiffs.
*Merle Ruth Hass* for Michael Solomons.
*Ira H. Zaleznik* for the Board of Appeals of Revere.