MARY McGEE & another[1] *vs.* BOARD OF APPEAL OF BOSTON & another.[2] No. 02-P-1308. December 30, 2004. *Zoning,* Board of appeals: decision, Judicial review, Person aggrieved, Variance.

William J. Verdi, the owner of premises at 53 Hull Street, in the North End section of Boston, obtained from the board of appeal of Boston (the board) variances from floor area ratio and rear yard limitations in the Boston zoning code (the code). Verdi proposed to remove a partial story from his residential building and replace it with a full story and a full one-floor addition. Mary McGee and Thomas F. Schiavoni own an adjoining property at 46 Snow Hill Street. They declared themselves aggrieved by the grant of the variances to Verdi and brought an appeal in Superior Court under the Boston zoning act, St. 1956, c. 665, § 11, as amended by St. 1993, c. 461, § 59, challenging the validity of the variances.

After trial on the merits, a Superior Court judge ruled that, on the evidence, McGee and Schiavoni had not established that they were aggrieved persons and, accordingly, did not have standing to maintain their appeal. In his memorandum of decision the judge further decided that, assuming McGee and Schiavoni did have standing, the evidence satisfied the statutory criteria for the variances. The trial judge therefore concluded that the board had acted within its authority and affirmed its order granting the variances. We reverse.

*Legal background.* Under a special zoning enabling act applicable to Boston, St. 1956, c. 665, §§ 2 et seq., as amended by St. 1993, c. 461, §§ 2 et seq. (the Boston act), the Boston zoning commission adopted the code. See *Emerson College* v. *Boston,* 393 Mass. 303, 304-306 (1984). Section 9 of the Boston act authorizes the board to grant variances. Section 11 allows a party aggrieved by a decision of the board to obtain judicial review. These provisions much resemble analogous sections in G. L. c. 40A, the zoning act applicable generally to cities and towns in the Commonwealth. We therefore import the teachings of decisions under G. L. c. 40A to cases arising under the Boston act and the code. See *Circle Lounge & Grille, Inc.* v. *Board of Appeal of Boston,* 324 Mass. 427, 432-433 (1949); *Sherrill House, Inc.* v. *Board of Appeal of Boston,* 19 Mass. App. Ct. 274, 275 (1985).

1. *Standing.* McGee and Schiavoni's property abuts the Verdi property, with which it shares a light well. At the closest point there is barely a foot between a terrace on the fourth floor of the existing Verdi building and a window on the third floor of McGee and Schiavoni's building. McGee and Schiavoni's

[1]Thomas F. Schiavoni.
[2]William J. Verdi.

building, partly by reason of the grade of the land, is higher than the Verdi building so that the window of the rear room of McGee and Schiavoni's fourth floor affords them light, ventilation and something of a view. The construction allowed by the variances would bring Verdi's top floor within a bit less than a foot of McGee and Schiavoni's fourth floor, resulting in a marked reduction in their light, air, view, and privacy.

The impact of Verdi's proposed construction on McGee and Schiavoni's building, rendering the fourth floor a significantly less attractive place to live, is a sufficiently perceptible harm, personal to McGee and Schiavoni, to qualify them as aggrieved persons who may maintain an action for judicial review of the variances. "Person aggrieved" is a term that should not be construed narrowly. *Marotta* v. *Board of Appeals of Revere*, 336 Mass. 199, 204 (1957). *Marashlian* v. *Zoning Bd. of Appeals of Newburyport*, 421 Mass. 719, 721 (1996). *Waltham Motor Inn, Inc.* v. *LaCava*, 3 Mass. App. Ct. 210, 213 (1975). Diminishment of light and air and obstruction of view may be bases for aggrieved person status. See *Tsagronis* v. *Board of Appeals of Wareham*, 415 Mass. 329, 330 & n.4 (1993); *Bedford* v. *Trustees of Boston Univ.*, 25 Mass. App. Ct. 372, 377 & n.4 (1988). See also *Federman* v. *Board of Appeals of Marblehead*, 35 Mass. App. Ct. 727, 732 (1994) (density and height provisions of zoning code might protect view of particular property owner); *Bertrand* v. *Board of Appeals of Bourne*, 58 Mass. App. Ct. 912, 912 (2003). Contrast *Harvard Square Defense Fund, Inc.* v. *Planning Bd. of Cambridge*, 27 Mass. App. Ct. 491, 493 (1989), and *Monks* v. *Zoning Bd. of Appeals of Plymouth*, 37 Mass. App. Ct. 685, 688 (1994) (generalized aesthetic objection, e.g., concern about "village feeling," does not afford aggrieved person status).

2. *Basis for the variances.* To support the grant of the variances Verdi had applied for, the board was required by the Boston act, St. 1956, c. 665, § 9, and the code, Section 7-3, to find four conjunctive criteria. See *Planning Bd. of Springfield* v. *Board of Appeals of Springfield*, 355 Mass. 460, 461-462 (1969). See also *Boyajian* v. *Board of Appeal of Wellesley*, 6 Mass. App. Ct. 283, 284 (1978). The first of these was that conditions existed that especially affected the Verdi parcel or building but did not affect generally the zoning district in which the Verdi parcel is located. The second was that a literal enforcement of the zoning code would cause Verdi substantial hardship. See St. 1956, c. 665, § 9; compare G. L. c. 40A, § 10. Given our conclusion, we do not address the third and fourth criteria, that the variance is in harmony with the purpose of the code and that there is no detriment to the public welfare.

As to special characteristics of the lot, the board relied on its trapezoidal shape and slope, which, however, had not prevented the erection of Verdi's multi-unit apartment building. Verdi's building contained three apartments of record, one of which Verdi rented and the other two of which he occupied. The aggregate livable space in the Verdi structure exceeds the floor area ratio established under the code. The shape of the lot and the slope were irrelevant to the variances Verdi sought. The size of the lot, applying the pertinent floor area ratio limitation of the code, was too small. An undersized lot is not a basis for a variance. See *Warren* v. *Zoning Bd. of Appeals of Amherst*, 383 Mass. 1, 11 (1981). See also *Gordon* v. *Zoning Bd. of Appeals of Lee*, 22 Mass. App. Ct. 343, 350 (1986); *DiCicco* v. *Berwick*, 27 Mass. App. Ct. 312, 314 (1989); *Mitchell* v. *Board of Appeals of Revere*, 27 Mass. App. Ct. 1119,

1120 (1989). Furthermore, an inability to maximize the theoretical potential of a parcel of land is not a hardship within the meaning of the zoning law. See *City Council of Waltham* v. *Vinciullo*, 364 Mass. 624, 631 (1974). See also *Gamache* v. *Acushnet*, 14 Mass. App. Ct. 215, 217 n.6 (1982).

The board acted in excess of its authority. A judgment shall be entered that its decision is annulled.

*So ordered.*

*Michael W. Wiggins* for the plaintiffs.

*Christopher M. Mensoian* for board of appeal of Boston.