## KENNETH J. LUSSIER *vs.* ZONING BOARD OF APPEALS OF PEABODY & others.[1]

Essex. September 5, 2006. - October 12, 2006.

Present: MARSHALL, C.J., GREANEY, IRELAND, SPINA, COWIN, & CORDY, JJ.

*Zoning,* Variance, Conditions. *Municipal Corporations,* By-laws and ordinances. *Words,* "Garage."

This court concluded that a city's zoning board of appeals properly imposed conditions on a variance, apparent on its face, that limited the use of an addition to the plaintiff homeowner's property to that of a garage, and that limited its size. [533-536]

CIVIL ACTION commenced in the Superior Court Department on May 24, 2004.

The case was heard by *Patrick J. Riley,* J., on a motion for summary judgment.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*Leonard F. Femino* for Ronald A. Sheehan & another.

*John R. Keilty* for the plaintiff.

CORDY, J. The zoning board of appeals of Peabody (board) granted a variance that permitted a homeowner to construct "an addition (22' x 22' attached garage)" with a sideyard setback of one foot, instead of the required twenty feet. Several years later, the homeowner sought and obtained a building permit to construct a second story on the garage that exceeded its "22' x 22' " footprint and was to be used as living space. After the second-story addition was built, the board ruled that a new or modified variance was required. That ruling was reversed by a Superior Court judge, who entered summary judgment for the homeowner. We reverse, concluding that the board properly imposed conditions on the variance, apparent on its face, limit-

---

[1]Ronald A. Sheehan and Catherine E. Sheehan.

ing the use of the addition to that of a garage, and its size to be twenty-two feet by twenty-two feet. Construction of an addition contrary to these conditions requires a new or modified variance.

1. *Background.* The following facts are not disputed in the summary judgment record. In 1995, the owner of a parcel of land, 719 Lowell Street, obtained a variance allowing construction of a garage attached to his residence. Located in an R-1 zoning district, the land was subject to an ordinance requiring a twenty-foot sideyard setback from the property line. The variance specifically permitted the construction of "an addition (22' x 22' attached garage) showing a left side yard of 1 feet rather than 20 feet required." Plans submitted with the application for the variance showed a one-story, two-vehicle garage. The plans were neither attached nor incorporated by reference into the variance decision. Kenneth Lussier purchased the land in July, 1996, and subsequently built the garage as permitted by the variance. In October, 2003, Lussier applied for and received a building permit for the construction of a second story above the attached garage. As built, this second story exceeds the twenty-two foot by twenty-two foot footprint of the garage.[2] The second story was built for and is used as living space.[3] The second-story addition does not implicate (or violate) any rule of the city of Peabody zoning ordinance other than the twenty-foot side-yard requirement for which the original variance had been granted.[4]

Ronald A. Sheehan and Catherine E. Sheehan own the

---

[2]The parties dispute the amount by which the second story exceeds the twenty-two foot by twenty-two foot footprint. In his application for a building permit, Lussier proposed a twenty-two foot by twenty-six foot second level. The defendants submitted conflicting statements, in one instance stating the second story overhangs the garage by one foot in front, and one foot in the rear. At oral argument, counsel for Lussier conceded that the addition overhangs the garage in the front and the rear. The board heard evidence that the second story was not within the original footprint but that the protrusion was not into the sideyard abutting the Sheehans' property.

[3]To the extent the summary judgment record may have been unclear on the use of the second story, the parties agreed at oral argument that this was an undisputed fact.

[4]The parties apparently agree that the height of the second story is within zoning restrictions. The applicable zoning ordinance provides a thirty-foot height restriction for property in an R-1 zone. We need not address whether the construction of a second story used in a manner consistent with that of a

property abutting Lussier's left sideyard. The Sheehans opposed the building of the second-story addition to Lussier's garage in 2003 and made written demand on the Peabody building inspector for an enforcement action prohibiting its construction. The building inspector refused to take the action and the Sheehans appealed to the board. Meanwhile, construction of the addition proceeded. The board granted the Sheehans' requested relief on the grounds that the second-story addition violated the sideyard requirement, as well as the terms and conditions of the 1995 variance that was granted for an attached twenty-two foot by twenty-two foot garage, and that the second-story addition exceeded the scope of relief requested in the original public hearing for the 1995 variance. The board ruled that the addition required a new variance or modification of the previous variance and overturned the building inspector's refusal of an enforcement action. Lussier appealed to the Superior Court pursuant to G. L. c. 40A, § 17.[5]

Lussier moved for summary judgment requesting that the judge vacate the board's decision and affirm the building inspector's underlying decision permitting construction. The board and the Sheehans opposed summary judgment on the grounds that the dimensions and use stated in the variance were conditions on which it was granted and a limitation on further expansion absent a new variance. Following argument, the Superior Court judge entered summary judgment for Lussier, vacating the board's decision and affirming the decision of the building inspector. The judge did not explain the basis of his ruling granting summary judgment.

The board and the Sheehans appealed from the judgment, and we transferred the case from the Appeals Court on our own motion.

2. *Scope of the 1995 variance.* In granting a variance, a board may "impose conditions, safeguards and limitations both of

---

garage and built within the footprint of the first floor would be within the 1995 variance, as those are not the facts before us.

[5]In relevant part, G. L. c. 40A, § 17, provides: "Any person aggrieved by a decision of the board of appeals or any special permit granting authority . . . whether or not previously a party to the proceeding, or any municipal officer or board may appeal to the . . . superior court department in which the land concerned is situated . . . by bringing an action within twenty days after the decision has been filed in the office of the city or town clerk."

time and of use, including the continued existence of any particular structure." G. L. c. 40A, § 10. Variances are not allowed as a matter of right and should be "sparingly granted." *Barron Chevrolet, Inc.* v. *Danvers*, 419 Mass. 404, 408 (1995), quoting *Mendes* v. *Board of Appeals of Barnstable*, 28 Mass. App. Ct. 527, 531 (1990). Consequently, the language of a variance "is to be construed against the individual requesting the variance, rather than against the granting authority." *DiGiovanni* v. *Board of Appeals of Rockport*, 19 Mass. App. Ct. 339, 347 (1985). *Mendoza* v. *Licensing Bd. of Fall River*, 444 Mass. 188, 206 (2005) ("Where there is ambiguity on the face of a variance decision, it should be resolved against the holder of the variance"). Read in this light, the 1995 variance, on its face, imposes conditions on the variance. It limits the use to that of a "garage," limits the size to "22' x 22'," and requires that it be "attached" to the house.[6]

The term "garage" is not defined in the zoning ordinance. "[W]ords undefined by zoning laws and ordinances are to be construed in accordance with common understanding and usage." *Davis* v. *Zoning Bd. of Chatham*, 52 Mass. App. Ct. 349, 361 n.16 (2001), citing *Williams* v. *Inspector of Bldgs. of Belmont*, 341 Mass. 188, 191 (1960), and *Langevin* v. *Superintendent of Pub. Bldgs. of Worcester*, 5 Mass. App. Ct. 892, 892 (1977), and cases cited. A "garage" is generally accepted to be a place to store motor vehicles and household items. See *Building Inspector of Falmouth* v. *Gingrass*, 338 Mass. 274, 275 (1959) (building permit authorizing garage on single-residence lot did not permit storage of seaplane but rather of automobiles); *Riverbank Improvement Co.* v. *Bancroft*, 209 Mass. 217, 222 (1911) ("garage is defined as 'a stable for motor-cars' ").[7] We have no difficulty concluding that the 1995 variance was limited to the construction of a building to be used for the storage of motor vehicles. The construction of a second floor for use as

---

[6]There is no dispute that the garage is "attached" to the house.

[7]While the Peabody zoning ordinance does not define "garage," it defines the term "[c]ommunity garage" as a "group of private garages . . . having a capacity of not more than ten (10) cars, arranged in a row or surrounding a common means of access and erected for the use of owners having no private garage on their individual lots."

living space violates the limiting condition of the variance that the addition be a "garage."

The variance also specified dimensions of twenty-two feet by twenty-two feet. While the first story satisfies that condition, anything beyond that footprint exceeds the scope of the variance. Regardless whether the second story overhangs the garage in the front or in the rear, or both, it exceeds the footprint permitted by the variance.

In order for conditions on a variance to be binding, they must be set forth in the variance decision itself. *Mendoza* v. *Licensing Bd. of Fall River, supra* at 205 ("Purchasers of property or their attorneys are not expected or required to look behind the face of recorded variance decisions to ascertain their effective scope . . ."). 8 P.J. Rohan, Zoning and Land Use Controls § 43.03[2] (2005) ("Conditions must be sufficiently definite to apprise both the applicant and interested landowners of what can and cannot be done with the land"). *Rochester Historical Soc'y, Inc.* v. *Crowley,* 14 A.D.2d 490, 490 (N.Y. 1961) (setting aside zoning board grant containing indefinite conditions due to lack of guidance in construction of terms). *Warren* v. *Frost,* 111 R.I. 217, 221 (1973) (conditions on variance running with land must be specific and clearly stated, preventing future speculation). The fact that the terms limiting the use and size of the addition are set forth in parentheses in the 1995 variance decision, however, is of no consequence. While it might have been preferable for the variance to have explicitly denominated these terms as conditions, their use as such is apparent on its face and in the context of the grant.

Here, the variance permitted construction within a one-foot sideyard setback instead of the required twenty feet. The construction and use of a personal garage create a significantly less disturbing encroachment on abutting property than a living area. A living space often requires more complicated construction; results in more noise, light, and comings and goings than a garage; and diminishes the level of privacy enjoyed by an abutter. It would be unreasonable to ignore the word "garage" in this context merely because it is within parentheses. The 1995 variance permitting an addition one foot from the abutting property was granted on the condition that the addition be a "garage."

"[W]hen a variance is granted for a project 'as shown by . . . plans' . . . the variance requires strict compliance with the plans, at least as far as the site location and the bulk of buildings are concerned." *DiGiovanni* v. *Board of Appeals of Rockport, supra* at 346-347. Here, Lussier's predecessor in title submitted plans with his application for the 1995 variance, but those plans were not incorporated into the variance.[8] While the incorporation of the plans would have been helpful in determining the scope of the variance, a variance need not have plans attached to contain a limiting condition. Here, the words specifying the size and use of the addition are sufficient to constitute limitations on the variance, and to provide notice thereof.

3. *Conclusion.* The judgment of the Superior Court is vacated and a new judgment shall enter affirming the board's decision that the second-story addition exceeds the scope of the 1995 variance.

*So ordered.*

---

[8]The only reference to plans in the board's letter granting the variance is the word "showing" in the statement, "Permission is granted to construct an addition (22' x 22' attached garage) showing a left side yard of 1 feet rather than 20 feet required." This is insufficient to constitute an incorporation of the plans.