NOTICE:  All slip opinions and orders are subject to formal revision and are superseded by the advance sheets and bound volumes of the Official Reports.  If you find a typographical error or other formal error, please notify the Reporter of Decisions, Supreme Judicial Court, John Adams Courthouse, 1 Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-1030; SJCReporter@sjc.state.ma.us

15-P-1174                                    Appeals Court

MICHAEL F. FURLONG & another[1] vs.  ZONING BOARD OF APPEALS OF SALEM & another.[2]

No. 15-P-1174.

Suffolk.    October 7, 2016. - December 12, 2016.

Present:  Hanlon, Sullivan, & Blake, JJ.


Zoning, Variance, Setback.  Practice, Civil, Zoning appeal.



Civil action commenced in the Land Court Department on February 17, 2012.

The case was heard by Robert B. Foster, J.


Dana Alan Curhan (Lawrence A. Simeone, Jr., with him) for the plaintiffs.
Leonard F. Femino for BHCM Inc.


BLAKE, J.  The defendant, BHCM Inc., doing business as

Brewer Hawthorne Cove Marina (Brewer), sought and received a

dimensional variance from the defendant, zoning board of appeals

of Salem (board), allowing it to build a new boat repair

_____

[1] Delores T. Jordan.

[2] BHCM Inc., doing business as Brewer Hawthorne Cove Marina.

facility outside of the setback requirements of the local zoning ordinance.  The plaintiff abutter, Michael F. Furlong, filed a G. L. c. 40A, § 17, appeal in the Land Court.  Following a jury-waived trial, the judge affirmed the board's decision, concluding that strict enforcement of the zoning ordinance would create an unnecessary safety hazard, and that Brewer accordingly had demonstrated a hardship sufficient to merit the allowance of a variance.  We agree and affirm.

Background.  We recite the facts found by the judge, which are undisputed by the parties.  Brewer owns a nonrectangular parcel of property[3] with frontage on White Street and Turner Rear Street in Salem (property) that it operates as an active marina. The property consists of a large, open, paved area with about 115 parking spaces and several structures, and is bordered by Salem harbor, residential dwellings, and a municipal parking lot.  The structures include a combination shower, bath, and laundry house, a pressure wash shed, an approximately 1,500 square foot temporary Quonset hut located in the center of the property, a small dock house, and a "marine travel lift" hoist (travel lift).  As part of its marina operation, Brewer conducts boat repairs on the property, either outdoors or inside the Quonset hut.

---

[3] The lot has at least twenty-five sides, five of which border the water.

By application dated October 26, 2011, Brewer submitted a petition for a variance to the board seeking to construct a new building on the northern edge of the property, outside of the setback requirements of the local zoning ordinance. The proposed building would serve as the marina's boat repair facility, allowing the removal of the Quonset hut from the center of the property, and would also serve as the new location for the office. Brewer seeks to place the proposed building at the edge of the property in order to provide adequate room for the safe operation of the travel lift,[4] and to reduce the noise and fumes generated by the boat repairs presently occurring in the Quonset hut. As part of the building plan, the width of the entrance to the marina from White Street also would be widened, which would provide better access, including for emergency vehicles.

---

[4] The judge found: "The travelift is used year-round. It lifts boats from the water and carries them to where they will be repaired. It repeats the process to put the boats back in the water. These operations require the travelift to turn in a radius equal to 1.4 times the length of the boat. Because there are significant blind spots for the operator of the travelift, a certain amount of open area is required for its safe operation, especially given that marina members also use the marina to access their boats. Locating the Building on the northern edge of the Property would provide an open area for operation of the travelift away from where cars are parked."

Following a duly noticed public hearing on Brewer's application,[5] the members of the board voted to approve the application and filed a decision dated February 1, 2012, with the local city clerk's office. The board's decision notes that in so deciding, the board found that "impacts to the neighborhood were shown to be less substantial if sited as proposed rather than where it would be allowed by right." Furlong, who lives in a condominium unit approximately one hundred feet from the northern property line of the property, filed a complaint in the Land Court pursuant to G. L. c. 40A, § 17, challenging the decision of the board as legally untenable, arbitrary, and capricious.

In a comprehensive and thoughtful memorandum of decision, the judge ruled that Furlong is a person aggrieved by the variance and, accordingly, has standing to bring the present action.[6] On the merits of the variance, the judge found that the evidence established that, owing to the shape of the property, strict enforcement of the zoning ordinance would result in a risk of physical harm. Finding that the safety risk constituted a substantial hardship to Brewer, the judge affirmed the board's allowance of the variance. This appeal followed.

---

[5] An initial public hearing was held on November 16, 2011; the hearing was continued to January 18, 2012.

[6] Furlong's status as a person aggrieved is not challenged on appeal.

Standard of review. When a decision of a zoning board of appeals is appealed, "the judge is required to hear the matter de novo and determine the legal validity of the decision of the board upon the facts found by him." Josephs v. Board of Appeals of Brookline, 362 Mass. 290, 295 (1972) (Josephs). See G. L. c. 40A, § 17, inserted by St. 1975, c. 808, § 3 ("The court shall . . . determine the facts, and, upon the facts as so determined, annul such decision if found to exceed the authority of such board"). "Judicial review is nevertheless circumscribed: the decision of the board 'cannot be disturbed unless it is based on a legally untenable ground, or is unreasonable, whimsical, capricious or arbitrary.'" Roberts v. Southwestern Bell Mobile Sys., Inc., 429 Mass. 478, 486 (1999), quoting from MacGibbon v. Board of Appeals of Duxbury, 356 Mass. 635, 639 (1970). In our review of the judge's decision, we accept his findings of fact unless clearly erroneous, but independently review his determinations of law. Shirley Wayside Ltd. Partnership v. Board of Appeals of Shirley, 461 Mass. 469, 475 (2012).

Discussion. By their very nature, variances "are individual waivers of local legislation" that permit nonconformity. Mendoza v. Licensing Bd. of Fall River, 444 Mass. 188, 207 (2005). For that reason, they "are not allowed as a matter of right, but, rather, should be 'sparingly

granted.'" Lussier v. Zoning Bd. of Appeals of Peabody, 447

Mass. 531, 534 (2006), quoting from Barron Chevrolet, Inc. v.

Danvers, 419 Mass. 404, 408 (1995).

Consistent with these principles, the statutory

requirements that must be met for an individual seeking a

variance are rigorous. Josephs, supra at 292. General Laws

c. 40A, § 10, inserted by St. 1975, c. 808, § 3, authorizes a

board of appeals to grant a variance from the local zoning

ordinance only where it:

> "specifically finds [a] that owing to circumstances
> relating to the soil conditions, shape, or topography
> of such land . . . and especially affecting such land
> . . . but not affecting generally the zoning district
> in which it is located, [b] a literal enforcement of
> the provisions of the ordinance or by-law would
> involve substantial hardship, financial or otherwise,
> to the petitioner or appellant, and [c] that desirable
> relief may be granted without substantial detriment to
> the public good and [d] without nullifying or
> substantially derogating from the intent or purpose of
> such ordinance or by-law."[7]

Each of the requirements of the statute must be met before a

board may grant a variance. Warren v. Zoning Board of Appeals

of Amherst, 383 Mass. 1, 9-10 (1981).

Here, the judge found that each of the statutory

requirements had been met based on the evidence presented at

---

[7] The zoning ordinance at issue here essentially tracks the statutory requirements of G. L. c. 40A, § 10, with the exception of the language of prong [a], supra, which appears to be more lenient. The difference does not affect the outcome of this case.

trial. As to the first two requirements, the judge found that, because of the peculiar shape of the property, hardship in the form of safety hazards would result if the building were constructed within the setback requirements. The safety hazards, likely to cause "injury to people and property," would be caused by the building interfering with the operation of the travel lift, which requires a large, open turning radius free of blind spots. See note 3, supra. Placement of the building at the northern edge of the property would eliminate the safety risks associated with strict enforcement of the setback requirements. As to the final two requirements under the statute, the judge agreed with the board that the proposed placement of the building would neither be of substantial detriment to the public good, nor nullify or substantially derogate from the intent or purpose of the ordinance, as the proposed placement of the building would limit interference with neighbors' views, and limit the perception of increased density in the area by maintaining as open an area as possible.[8]

_____

[8] Furlong argues that Brewer has failed to meet its burden of showing no substantial detriment to the public good because his view would be affected by the granting of the variance. The claims fails, if for no other reason, because the building would affect Furlong's view even if built by right. Contrast, e.g., Chiancola v. Board of Appeals of Rockport, 65 Mass. App. Ct. 636, 637-638 (2006) (upholding denial of variance to build residential structure on lot because poor emergency vehicle access is substantial detriment to public good).

On appeal, Furlong argues that the safety concerns found by the judge do not constitute a hardship under the statute. The question whether a safety concern, ameliorated by the granting of a variance, qualifies as a hardship under § 10 has not been extensively analyzed in our case law. Indeed, the only case to have so held is Josephs, supra. In Josephs, the Supreme Judicial Court examined a variance allowing a developer to construct a loading bay with a reduced height in a high-rise commercial and residential building. The Superior Court judge in that case found that if the zoning ordinance were strictly applied, one alternative would result in a safety hazard to persons using the excessively steep ramp, while the other would result in an economic loss due to interference with the configuration of the building. Id. at 293. On these facts, the court concluded that the judge was warranted in finding that a "hardship, financial or otherwise" had been demonstrated. Ibid.

Like the developer in Josephs, the facts here demonstrate that if Brewer adjusted its plans to fit within the requirements of the local zoning ordinance, a significant risk of harm for the people and property near the travel lift would result. We agree with the judge that "[w]here a variance diminishes the

---

Furlong also argues that the variance substantially derogates from the intent or purpose of the zoning ordinance by increasing density. The argument likewise fails, as the judge's finding that the proposed placement of the building would limit the perceived density in the area is supported by the record.

risk of an existing harm or where it prevents a greater risk of harm that would result from compliance with a zoning ordinance, such a hardship may merit a variance."  We also agree that the unique circumstances in this case, and the degree of danger that would result from compliance with the zoning ordinance, support the judge's finding of a hardship.  Accordingly, where the unchallenged evidence, found de novo by the judge, satisfies all of the requirements of the statute, the decision of the board must be affirmed.[9]

Judgment affirmed.

---

[9] Citing <u>Warren</u> v. <u>Zoning Bd. of Appeals of Amherst</u>, 383 Mass. at 12-13, and <u>Arrigo</u> v. <u>Planning Bd. of Franklin</u>, 12 Mass. App. Ct. 802, 804 (1981), Furlong argues that relief in the form of a variance is not warranted in this case because any hardship Brewer is facing is of its own creation.  <u>Warren</u> and <u>Arrigo</u> are inapposite, as they concern the knowing division of a lot for the purpose of creating multiple smaller, nonconforming lots, rather than the placement of a building within a single lot that could be built by right.  Finally, the alternative options offered by Furlong to address the safety concerns are either speculative or were implicitly rejected by the judge as inadequate.