The dispute in this case arises from the proposed construction of multiresidential buildings on property located in the Brighton section of Boston. The plaintiffs, Susan Rufo and Patrick Galvin, are direct abutters to the property. They commenced this action seeking to annul two variances issued by the defendant zoning board of appeal of Boston (board), to Washington Oak Square Limited Partnership (Washington Oak) in connection with the project. The plaintiffs now appeal from the entry of summary judgment affirming the board's actions.[5] We affirm the judgment.
Background. The following material facts are undisputed. Washington Oak owns two adjoining parcels of land located at 458 and 460 Washington Street in Boston (lot 1 and lot 2 respectively). The property is zoned for commercial use. In 2012, Washington Oak applied for a permit to construct a twenty-four unit apartment building on lot 2 and to redevelop, into four residential units, the interior of an existing funeral home located on lot 1. The applications were denied, and Washington Oak appealed to the board. On September 11, 2012, the board held a public hearing at which it heard evidence regarding the size of the combined lots, the proposed number of units and their respective sizes, available parking, and the demand for housing. On March 12, 2013, the board granted variances which would permit construction of the project.
Soon thereafter, the plaintiffs commenced an action in the Superior Court seeking review of the board's decision under the Boston Zoning Act, St. 1956, c. 665, § 11, as amended by St. 1993, c. 461, § 5. All parties moved for summary judgment. In a written decision, a Superior Court judge concluded that the plaintiffs had standing to challenge the board's decision. The judge also concluded that the board's decision was not unreasonable, arbitrary, or capricious, but she remanded the matter to the board for further proceedings because the board failed to set forth findings of fact as required by § 7-3 of the Boston zoning code.
In response to the remand order, the board held a second hearing on September 2, 2014, and subsequently issued a new decision that included (1) findings regarding the characteristics of the property and the proposed project, and (2) an explanation of the board's analysis. The board again granted the variances.
Meanwhile, before the board's second decision issued, Rufo requested the minutes of three board meetings that took place in 2012 and 2013, at which Washington Oak's proposed development was discussed. Having received no response to her request, Rufo contacted the Attorney General. Ultimately, the Attorney General determined that the board had violated the open meeting law, see G. L. c. 30A, § 22(a ), and ordered the board to create and approve minutes of the meetings, which the board did.
The plaintiffs then filed the current action in the Superior Court. Washington Oak moved for summary judgment on the grounds that the plaintiffs lacked standing and were estopped from challenging the board's decisions, and the board moved for summary judgment on the ground that it had properly granted the variances. The plaintiffs cross-moved for summary judgment on the ground that the variances were not granted in strict compliance with § 7 of the Boston zoning code. In a well-reasoned decision, a different Superior Court judge rejected Washington Oak's arguments regarding standing and estoppel. However, he concluded that Washington Oak was entitled to summary judgment because the board had adhered to both the Boston zoning code and its enabling act when it granted the variances.
Discussion. "When a decision of a zoning board of appeals is appealed, 'the judge is required to hear the matter de novo and determine the legal validity of the decision of the board upon the facts found by him.' "[6] Furlong v. Zoning Bd. of Appeals of Salem, 90 Mass. App. Ct. 737, 739 (2016), quoting from Josephs v. Board of Appeals of Brookline, 362 Mass. 290, 295 (1972) (considering appeal under G. L. c. 40A, § 17 ). The judge may not reverse a board's decision "unless it is based on a legally untenable ground, or is unreasonable, whimsical, capricious or arbitrary." Ibid., quoting from Roberts v. Southwestern Bell Mobile Sys., Inc., 429 Mass. 478, 486 (1999). "We review the judge's determinations of law, including interpretations of zoning by-laws, de novo, but we remain 'highly deferential' to a board's interpretation of its own ordinances." Buccaneer Dev., Inc. v. Zoning Bd. of Appeals of Lenox, 87 Mass. App. Ct. 871, 873 (2015), quoting from Grady v. Zoning Bd. of Appeals of Peabody, 465 Mass. 725, 728-729 (2013). Where, as here, the judge has made no findings because the matter was presented on cross motions for summary judgment, "we assess the record de novo and take the facts, together with all reasonable inferences to be drawn from them, in the light most favorable to the nonmoving party." Bulwer v. Mount Auburn Hosp., 86 Mass. App. Ct. 316, 318 (2014), S.C., 473 Mass. 672 (2016). Summary judgment is appropriate only where "all material facts have been established and the moving party is entitled to a judgment as a matter of law." Augat, Inc. v. Liberty Mut. Ins. Co., 410 Mass. 117, 120 (1991).
The plaintiffs assert that summary judgment should not have been allowed for two primary reasons: first, they claim that the evidence the board considered does not demonstrate that Washington Oak would suffer a "substantial hardship" within the meaning of § 7-3 of the Boston zoning code, which authorizes variances; and second, they claim that the board's violation of the open meeting law voids the decision to grant the variances. We address each argument in turn.
1. The board's decision to grant the variances. Insofar as is applicable here, the board may grant a variance pursuant to § 7-3 of the Boston zoning code only if all of the following conditions are met:
"(a) That there are special circumstances or conditions, fully described in the findings, applying to the land or structure for which the variance is sought (such as, but not limited to, the exceptional narrowness, shallowness, or shape of the lot, or exceptional topographical conditions thereof) which circumstances or conditions are peculiar to such land or structure but not the neighborhood, and that said circumstances or conditions are such that the application of the provisions of this code would deprive the appellant of the reasonable use of such land or structure;
"(b) That, for reasons of practical difficulty and demonstrable and substantial hardship fully described in the findings, the granting of the variance is necessary for the reasonable use of the land or structure and that the variance as granted by the Board is the minimum variance that will accomplish this purpose; [and]
"(c) That the granting of the variance will be in harmony with the general purpose and intent of this code, and will not be injurious to the neighborhood or otherwise detrimental to the public welfare."
We conclude that the board's detailed factual findings are sufficient to satisfy the statutory prerequisites. With respect to lot 1, the board found that
"[t]he existing structure is a colonial type building which has been used as a funeral home for many years.... [The] Allston Historic Society requested that the overall façade be maintained as the structure sits on a foundation built in the 1700's and the layout of the building forms a crucifix which makes the property unique.... The allowed uses would be such that it is likely that any allowed use of the property would require the demolition of the existing structure. The residential use would not alter the exterior character of the building and would enable the building to remain intact. In fact the residential use is more akin to the prior use as a funeral home than would be any of the allowed uses in the zone."
In addition, the board found that converting the funeral home into four apartments will eliminate the need to fill the land to bring the lot to street grade.
With respect to lot 2, the board found that the lot's "shape, size and topography are peculiar for the area," and that "[i]t is an L shaped lot, where the neighborhood lots are all rectangular." The board then concluded that the redevelopment plan would permit Washington Oak to have full and reasonable use of the property. It found that "[t]he proposed use will provide additional high quality residential units that are needed in the always crowded housing market," and that "[p]roviding residential housing would be the most harmonious type of development for the site."
On the basis of these findings,[7] all of which are supported by the evidence, the board concluded that strict enforcement of the zoning code would involve "substantial hardship" to Washington Oak. Because there is nothing "unreasonable, whimsical, capricious or arbitrary" in this conclusion, Furlong v. Zoning Bd. of Appeals of Salem, supra, summary judgment in favor of Washington Oak is appropriate.[8]
2. Open meeting law. Next, the plaintiffs argue that the board's decisions must be annulled because the board failed to create minutes of the public meetings that culminated in the decision to grant the variances. According to the plaintiffs, absent minutes, there was no evidence upon which the board could have relied in making its findings.[9]
There is no dispute that the Attorney General could have, but did not, "nullify in whole or in part" the variances granted in the wake of the meetings for which minutes were not created. G. L. c. 30A, § 23(c )(3), as amended by St. 2010, c. 454, § 19. Instead, the Attorney General ordered the board to recreate minutes of the meetings at issue.[10] The board complied with the order, and retroactively created minutes which adhere to the requirements of the open meeting law, G. L. c. 30A, § 22(a ), governing the records of meetings of public boards. The minutes are sufficient.[11] ,[12]
Judgment affirmed.

Washington Oak has cross-appealed and argues that the judge erred in denying its motion for summary judgment on its claims that the plaintiffs lack standing and are estopped from appealing the board's decision. Because we conclude that Washington Oak is entitled to summary judgment, it is not necessary to reach the merits of its cross appeal.

"Boston's zoning regulations are set forth in the Boston Zoning Code and the Boston Zoning Act."St. Botolph Citizens Comm., Inc. v. Boston Redev. Authy., 429 Mass. 1, 5 n.7 (1999). While G. L. c. 40A does not apply to the city of Boston, Emerson College v. Boston, 393 Mass. 303, 307 (1984), we "import the teachings of decisions under G. L. c. 40A to cases arising under the Boston act and the code." McGee v. Board of Appeal of Boston, 62 Mass. App. Ct. 930, 930 (2004). See 311 W. Broadway LLC v. Board of Appeal of Boston, 90 Mass. App. Ct. 68, 73 (2016).

Contrary to the plaintiffs' assertion, the board's decision describes the proposed project in detail, as well as its expected impact on the surrounding area.

We reject, as not supported by the case law, the plaintiffs' argument that a showing of "substantial hardship" requires evidence that no other use can be made of the property. To the contrary, that Washington Oak could possibly make other use of the lots did not require denial of the variances. See Marashlian v. Zoning Bd. of Appeals of Newburyport, 421 Mass. 719, 726 (1996).

We recognize Washington Oak's position that this issue is not properly before us, but we address it nonetheless, as it has been fully briefed by the parties.

Neither the board nor any member of the board appealed from the Attorney General's order. See G. L. c. 30A, § 23(d ). Nor did enforcement of the open meeting law proceed pursuant to G. L. c. 30A, § 23(f ), under which the Attorney General or three registered voters "may initiate a civil action to enforce the open meeting law."

The plaintiffs did not argue in the Superior Court that the retroactively-approved minutes are inadequate. In their motion for summary judgment, the plaintiffs claimed that, "[b]ecause there were no minutes of those hearings, there was simply no evidence that the [b]oard could review in granting the variances on December 16, 2014." During a hearing on the parties' cross motions for summary judgment, counsel for the plaintiffs stated that Rufo had received "the actual minutes from the two meetings that are at issue in this review ... [a]nd the relevance of that, your Honor, is that the reason set forth in the minutes are completely different than the reasons set forth in the decision that the board issued."

Washington Oak's request for costs and fees is denied.