NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

21-P-861

PETER CUOZZO & another.[1]

vs.

ZONING BOARD OF APPEALS OF WESTWOOD & others.[2]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The zoning board for the town of Westwood (board) appeals from a Land Court judgment annulling a retroactive variance the board granted to Christopher and Joy Colby (Colbys).  See G. L. c. 40A, § 17.  On appeal, the board claims that the Colbys' abutters, Mary and Peter Cuozzo (Cuozzos), lacked standing to challenge the variance and that the trial judge erred as a matter of law in determining that no rational view of the facts supported the board's determination.  For the reasons set forth in the trial judge's well-reasoned decision, we affirm.

Background.  We summarize the judge's factual findings, none of which are challenged on appeal.  The Cuozzos purchased their property in 1997.  The Colbys bought their 6,000 square

---

[1] Mary G. Cuozzo.

[2] Joy F. Colby and Christopher M. Colby.

foot property in 1999.  The rear yard of the Cuozzos' property abuts the rear yard of the Colbys' property.  At the time of the Colbys' purchase, the structures on their property consisted of a home, a fourteen by twenty-eight foot inground swimming pool, and a shed, which was located within the rear setback requirements specified under the town bylaws.  In 2006, following the issuance of a special permit, the Colbys renovated the house.  Apparently, they also renovated the shed, which measured approximately six feet four inches by eight feet five inches.  The shed sat one and eight tenths' feet from the rear setback, an area where there was a six-foot setback requirement under the applicable bylaw.

In 2007, the Colbys replaced the shed with a new shed. They did not obtain a variance.  The new shed measured eight feet by fourteen feet, was nine feet tall, and sat thirteen inches from the rear fence and fifteen inches from the side fence.  The judge found that the new shed violated the rear lot line dimensional setback provisions of the bylaws (six feet), and the side lot line dimensional setback of the bylaws (fifteen feet).

In July of 2015 the Colbys hired a tree service to trim a large tree located on the Cuozzos' property; the tree limbs crossed the property line.  As a result, the view from the Cuozzo property to the Colby property was no longer screened,

2

and the shed became visible from all areas of the Cuozzo home and property. The judge found that the loss of the "tree barrier," and the "now exposed shed" had a "substantial impact" on the Cuozzos' use of the property, halted the use of their yard for outdoor activities,[3] and resulted in a "crowding" of their property and a decrease in the Cuozzos' reasonable expectation of privacy.

In 2015, the Cuozzos asked the building inspector to enforce the dimensional setback requirements of the zoning bylaw. The inspector declined to do so. The Cuozzos appealed the building inspector's decision to the board. The board determined that the Colbys' shed violated the bylaw, but ultimately granted the Colbys a retroactive dimensional variance.[4] The Cuozzos appealed the board's decision, and a judge of the Land Court found in the Cuozzos' favor on both issues.

1. <u>Standing</u>. "Standing to challenge a decision by a zoning board of appeals is limited to persons who are 'aggrieved by [the] decision.' G. L. c. 40A, § 17. . . . While a plaintiff ultimately bears the burden of establishing standing, he or she may be assisted in that burden by a rebuttable

---

[3] In addition, the Cuozzos have not installed a firepit because of its proximity to the shed.
[4] The Colbys applied for retroactive relief in 2017.

3

presumption of standing granted to parties qualifying as parties in interest [under G. L. c. 40A, § 11]" (citations and quotations omitted). Murchison v. Zoning Bd. of Appeals of Sherborn, 485 Mass. 209, 212-213 (2020). It is undisputed that the Cuozzos were abutters to the Colbys' property. "As abutters, [the Cuozzos] are entitled to notice of board hearings under G. L. c. 40A, § 11, and qualify as 'parties in interest' under the statute." Id. at 213. The Cuozzos therefore enjoyed a rebuttable presumption that they were aggrieved parties. Id.

"[A]n adverse party can challenge an abutter's presumption of standing by offering evidence warranting a finding contrary to the presumed fact [of aggrievement]. . . . If a defendant offers enough evidence to warrant a finding contrary to the presumed fact, the presumption of aggrievement is rebutted, and the plaintiff must prove standing by putting forth credible evidence to substantiate the allegations" (citations and quotations omitted). 81 Spooner Rd., LLC v. Zoning Bd. of Appeals of Brookline, 461 Mass. 692, 700-701 (2012). We review the Land Court judge's factual findings on the issue of standing for clear error. Kenner v. Zoning Bd. of Appeals of Chatham, 459 Mass. 115, 119 (2011).

The judge found that the size of the Colbys' shed increased lot density in violation of the setback requirements of the bylaws, and that the prominence of the shed, particularly after

4

the loss of the tree limbs, deprived the Cuozzos of the enjoyment of their yard and infringed on their reasonable expectation of privacy. Density and privacy are interests protected by setback requirements in zoning bylaws. Murchison, 485 Mass. at 214. The Colbys offered no contrary evidence.

Instead, relying on Murchison, 485 Mass. at 214, the board claims that the injury to the Cuozzos was purely speculative and thus de minimus. This case is distinguishable from Murchison, however. In Murchison, supra at 214-215, the Supreme Judicial Court found that neighbors lacked standing to challenge a foundation permit to build a single-family home that (1) satisfied the town's three-acre zoning and substantial frontage requirements, (2) significantly exceeded all applicable setbacks, and (3) was on a wooded lot with a buffer of trees, simply because their irregularly-shaped lot did not satisfy the town's lot width requirements at all points. The Supreme Judicial Court held that any objection lacked factual foundation and was speculative. Here, by contrast, the nonconforming shed has been built. The crowding posed by the shed's incursion into the setback area was evident from the photographs and testimony in the record, as was the incursion on the Cuozzos' privacy interests. The Cuozzos established the type of "injury particular to the plaintiffs" that was lacking in Murchison, supra at 214. The judge permissibly found that the presumption

5

was not rebutted, and properly concluded that the Cuozzos had standing.

2. Variance. "In an appeal from a trial court's review of a decision of a municipal board under G. L. c. 40A, 'we defer to the factual findings of the trial judge unless they are clearly erroneous. We review the judge's determinations of law, including interpretations of zoning by-laws, de novo, but we remain highly deferential to a board's interpretation of its own ordinances.'" Buccaneer Dev., Inc. v. Zoning Bd. of Appeals of Lenox, 87 Mass. App. Ct. 871, 873 (2015), quoting Grady v. Zoning Bd. of Appeals of Peabody, 465 Mass. 725, 728-729 (2013).

Westwood's zoning bylaw "authorizes a board of appeals to grant a variance from the local zoning ordinance only where it: 'specifically finds [1] that owing to circumstances relating to the soil conditions, shape, or topography of such land . . . and especially affecting such land . . . but not affecting generally the zoning district in which it is located, [2] a literal enforcement of the provisions of the ordinance or by-law would involve substantial hardship, financial or otherwise, to the petitioner or appellant, and [3] that desirable relief may be granted without substantial detriment to the public good and [4] without nullifying or substantially derogating from the intent or purpose of such ordinance or by-law.' Each of the requirements of the statute must be met before a board may grant

a variance."[5]  Furlong v. Zoning Bd. of Appeals of Salem, 90

Mass. App. Ct. 737, 740 (2016), quoting G. L. c. 40A, § 10.

Here, the Colbys' shed, which sits fifteen inches from the

side property line and thirteen inches from the rear property

line, admittedly violates the zoning bylaw that requires

structures to be, at a minimum, fifteen feet from the side

property line and six feet from the rear property line.  The

board claims that the variance was warranted because the

presence of the inground pool was a circumstance that related to

the topography of the land, and enforcement of the bylaw would

create a substantial hardship to the Colbys because it would

force them to find alternative storage solutions.

We agree with the Land Court judge's rejection of these

arguments, stating "[n]o rational view of the facts justifie[d]

the Board's conclusion that the Colbys satisfied the conditions

required under the statute or bylaw."  "[N]o person has a legal

right to a variance and they are to be granted sparingly."

Sheppard v. Zoning Bd. of Appeal of Boston, 81 Mass. App. Ct.

394, 398 (2012), quoting Damaskos v. Board. of Appeal of Boston,

359 Mass. 55, 61 (1971).  As the judge found, there was no

legally cognizable hardship.  "The hardship in this case is not

---

[5] The town of Westwood has incorporated the statutory conditions set forth in G. L. c. 40A, § 10.

'owing to the topography of the land.' . . . Rather, the hardship arises solely from the fact that the lot is too small" to accommodate the shed that the Colbys have built without violating the bylaws.[6]  Mitchell v. Board of Appeals of Revere, 27 Mass. App. Ct. 1119, 1120 (1989).  See also McGee v. Board of Appeal of Boston, 62 Mass. App. Ct. 930, 931 (2004) ("An undersized lot is not a basis for a variance").  Inconvenience alone will not suffice, particularly when the Colbys purchased the home with full knowledge of the swimming pool.  See Gamache v. Acushnet, 14 Mass. App. Ct. 215, 217 n.6 (1982) ("The hardship may not be merely a personal hardship to the owner . . . or because a need exists for the proposed use").  The Colbys may still make use of the lot in a manner permitted by the zoning bylaw.  See Steamboat Realty, LLC v. Zoning Bd. of Appeal of Boston, 70 Mass. App. Ct. 601, 603-605 (2007).  The swimming pool, as a voluntary addition to the property, does not justify the variance.  Cf. Lamb v. Zoning Bd. of Appeals of

---

[6] The judge reasoned that "the inability to fit the shed elsewhere on their lot while maintaining compliance with the bylaw relates not to the shape, soils, or topography of the Colbys' property, but rather to its size."

8

Taunton, 76 Mass. App. Ct. 513, 515-516 (2010) ("A property owner cannot obtain a variance by creating his own hardship").

Judgment affirmed.

By the Court (Sullivan, Desmond & Singh, JJ.[7]),

*Joseph F. Stanton*

Clerk

Entered:  June 26, 2023.

---

[7] The panelists are listed in order of seniority.