NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-1076

PATRICIA IVAS

vs.

ZONING BOARD OF APPEALS OF GLOUCESTER & another.[1]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff, Patricia Ivas, appeals from a judgment of the Superior Court affirming the decision of the zoning board of appeals of Gloucester (board)[2] to grant variances and special permits allowing defendant FUD, LLC (FUD), to transform a two-family property into a three-family property by converting the attic into a one-bedroom apartment.  We affirm, although on grounds different from those relied on by the judge.  See Buffalo-Water 1, LLC v. Fidelity Real Estate Co., LLC, 481 Mass. 13, 28 n.14 (2018), quoting Gabbidon v. King, 414 Mass. 685, 686 (1993).

Background.  The following facts are derived from the summary judgment record.  FUD owns a two-family property on

_____

[1] FUD, LLC.

[2] The board has not filed a brief.

Western Avenue in Gloucester (premises).  The premises is a

preexisting nonconforming structure in a high density

residential zoning district, with two residential units.[3]  FUD

sought to convert an unused attic in the premises into a one-

bedroom apartment.  To do so, in or around November 2019, FUD

applied to the board for special permits and variances.  On

December 12, 2019, the board held a hearing on FUD's

application.  Ivas,[4] an abutter, spoke in opposition to the

application; she read a letter to the board expressing her

concerns about her privacy and quality of life if the

application were to be approved.  Ivas said that the area was

already too congested, and due to the proximity of her home to

the premises, she could hear conversations and tea kettles

boiling in the premises; she also said that she kept her blinds

closed at all times because neighbors could see into her home.[5]

On January 9, 2020, the board resumed consideration of FUD's

---

[3] The premises is nonconforming due to insufficient lot area, lot area per dwelling unit, lot width, lot frontage, and front and left yard setbacks.  There is also no dedicated parking for the two existing residential units.
[4] Ivas owns property on Lewis Court in Gloucester and resides therein.
[5] A second-floor resident of the premises addressed the board and expressed concerns over the impact of the construction and stated that she did not have a car due to lack of parking in that area.

application and unanimously approved the special permits with certain conditions and approved the variances.[6]

On February 21, 2020, Ivas filed a complaint in the Superior Court under G. L. c. 40A, § 17, seeking judicial review of the board's decision. She argued, among other things, that the board denied her the right to speak at the January 2020 hearing, failed to apply the proper standards for filing requirements, and exceeded its authority in granting FUD's application. FUD filed a motion to dismiss under Mass. R. Civ. P. 12 (b) (6), 365 Mass. 754 (1974), which was denied after a hearing. FUD next filed a motion for summary judgment, contending that Ivas lacked standing to contest the board's decision and that she did not offer evidence that the board's decision was legally untenable; Ivas filed an opposition. After a hearing, a judge found that Ivas had standing, but that she failed to produce evidence that the board's decision was based on a legally untenable ground. The judge entered summary judgment in favor of FUD; this appeal followed.

---

[6] There was some discussion whether the board concluded the hearing in December or whether it remained open. The board decided that the hearing was closed after the December hearing, and that the January hearing was solely for FUD to address concerns that had been raised in the prior hearing. As a result, Ivas, now represented by counsel, was not permitted to speak at the January hearing. Resolution of this issue is not material to our analysis.

3

Discussion.  "We review a motion for summary judgment de novo.  In doing so, we must determine 'whether, viewing the evidence in the light most favorable to the nonmoving party, all material facts have been established and the moving party is entitled to judgment as a matter of law'" (citations omitted).  Psychemedics Corp. v. Boston, 486 Mass. 724, 731 (2021), quoting Augat, Inc. v. Liberty Mut. Ins. Co., 410 Mass. 117, 120 (1991).  See 81 Spooner Rd., LLC v. Zoning Bd. of Appeals of Brookline, 461 Mass. 692, 699 (2012).

First, we must determine whether Ivas has standing to challenge the board's decision.  Only a person aggrieved can challenge a decision of a zoning board of appeals.  See Murchison v. Zoning Bd. of Appeals of Sherborn, 485 Mass. 209, 212 (2020).  To be aggrieved, a person "must assert a plausible claim of a definite violation of a private right, a private property interest, or a private legal interest" (quotation and citation omitted).  Kenner v. Zoning Bd. of Appeals of Chatham, 459 Mass. 115, 120 (2011).

As a direct abutter to the premises, Ivas is entitled to presumptive standing.  See 81 Spooner Rd., LLC, 461 Mass. at 700.  FUD "can rebut the presumption of standing by coming forward with credible affirmative evidence that refutes the presumption . . . establishing that [Ivas's] allegations of harm are unfounded or de minimis."  Id. at 702.  One way to rebut the

4

presumption is for FUD to demonstrate that Ivas's "claims of aggrievement are not within the interests protected by the applicable zoning scheme." Picard v. Zoning Bd. of Appeals of Westminster, 474 Mass. 570, 574 (2016). FUD demonstrated, and the board agreed, that the project would not exacerbate any existing privacy issues, the project was "in harmony" with the neighborhood, "there would be little impact on traffic or utilities," and there was "sufficient off-street parking."

Once the presumption was rebutted, Ivas was required to "put forth credible evidence to substantiate [her] allegations." Marashlian v. Zoning Bd. of Appeals of Newburyport, 421 Mass. 719, 721 (1996). Toward this end, evidence is credible only when it is both quantitatively and qualitatively sufficient. See Butler v. Waltham, 63 Mass. App. Ct. 435, 441-442 (2005).

> "Quantitatively, the evidence must provide specific factual support for each of the claims of particularized injury the plaintiff has made. . . . Qualitatively, the evidence must be of a type on which a reasonable person could rely to conclude that the claimed injury likely will flow from the board's action. Conjecture, personal opinion, and hypothesis are therefore insufficient."

Id. at 441. Ivas contended that she would be harmed by "(1) density/overcrowding demonstrated through privacy concerns, lack of an easement, and diminution in property values; and (2) lack of authority of the board to grant the relief requested."[7] She

---

[7] An alleged "diminution in [property] value itself is not an interest protected under G. L. c. 40A." Murchison, 485 Mass. at

5

had to prove these contentions by "direct facts and not by speculative personal opinion -- that [her] injury [was] special and different from the concerns of the rest of the community" (citation omitted).  Standerwick v. Zoning Bd. of Appeals of Andover, 447 Mass. 20, 33 (2006).  "At that juncture, the jurisdictional issue of standing [had to] be decided on the basis of all the evidence, with no benefit to the plaintiff from the presumption of aggrievement."  81 Spooner Rd., LLC, 461 Mass. at 701.

Here, summary judgment in favor of FUD was proper, as Ivas was unable to demonstrate a material issue of fact that would have supported a legally cognizable injury.  See 81 Spooner Rd., LLC, 461 Mass. at 703.  Ivas's alleged harm was not appreciable, palpable, and significant.  See Kenner, 459 Mass. at 121-122.  Ivas claimed that the board lacked authority to grant FUD a special permit for one off-site parking spot.  However, Ivas failed to demonstrate how the permit would harm her personally.  See Murchison, 485 Mass. at 214 (plaintiff must do more than allege zoning violation).

Ivas also failed to provide quantitative or qualitative support for her claims that the addition of the unit would impact the density of the neighborhood in a harmful way.  See

---

216.  Notwithstanding, Ivas presented no evidence concerning her property value.

6

Butler, 63 Mass. App. Ct. at 441-442.  Ivas claimed that the project would exacerbate harms she already experiences, namely noise, but she did not present any evidence, beyond her own opinion, supporting those claims.  Establishing standing requires a plaintiff to do more than allege a zoning violation, and where, as here, Ivas presented no evidence of harm beyond her own opinion, the evidence was insufficient to establish standing.  See Murchison, 485 Mass. at 214.  Nor was it specific to Ivas.  See Butler, 63 Mass. App. Ct. at 440.  Although Ivas is an abutter, there are eleven properties that abut the subject property, five of which are multi-family homes, and an immediate abutter is a five-family home.  It therefore follows that Ivas failed to show that the noise she experiences living in a densely populated area is a particularized harm.  See, e.g., Talmo v. Zoning Bd. of Appeals of Framingham, 93 Mass. App. Ct. 626, 631 (2018).

Ivas also failed to show that the project would change the status quo in the crowded downtown neighborhood.[8]  See Marhefka v. Zoning Bd. of Appeals of Sutton, 79 Mass. App. Ct. 515, 519 (2011).  In a crowded neighborhood, it is particularly relevant

---

[8] Included in Ivas's density claim was her allegation that there is no easement to run utility wires over her property.  Although she makes no separate argument about this claim on appeal, we note that easements are private property issues and not within the scope of this appeal.  See Picard, 474 Mass. at 575.

7

that FUD is not seeking to add an additional structure to its property. Rather, FUD seeks to convert a preexisting attic into a residential unit, and therefore Ivas's property is not being physically crowded by the addition of new construction. Contrast Sheppard v. Zoning Bd. of Appeal of Boston, 74 Mass. App. Ct. 8, 11 (2009) ("[abutter's] house, already subject to overcrowding . . . now has another three-story structure fourteen feet behind it, blocking its last relatively open corridor"). In addition, Ivas did not show, for example, that the project would block her view, contrast 81 Spooner Rd., LLC, 461 Mass. at 704, or significantly reduce light or air, contrast McGee v. Board of Appeals of Boston, 62 Mass. App. Ct. 930, 931 (2004). Although Ivas argued that her privacy rights would be impacted by the addition of more tenants on the property, she failed to show the actual harm that would flow from the conversion of an attic to an apartment, particularly where the project will not further crowd Ivas's property. Contrast Dwyer v. Gallo, 73 Mass. App Ct. 292, 296-297 (2008) (reconstruction of house and building additional house on substantially small lot in dense area constitutes harm sufficiently personal to qualify abutter as aggrieved). Accordingly, we conclude that Ivas lacked standing under G. L. c. 40A, § 17, to challenge the

8

board's decision.  Because she lacks standing, we need not reach the remaining questions raised by Ivas.[9]

        <u>Judgment affirmed</u>.

        By the Court (Blake, Walsh & Hershfang, JJ.[10]),

*Joseph F. Stanton*

        Clerk

Entered:  July 26, 2023.

---

[9] We decline to award FUD its appellate attorney's fees and costs, particularly where FUD has counterclaims that remain pending in the Superior Court.

[10] The panelists are listed in order of seniority.