The plaintiffs, Abigail Reeve and others, appeal from a judgment of the Land Court affirming the grant of a building permit to defendant John E. Godfrey. The sole issue before us is whether a judge of the Land Court erred in finding that a right of way on the property at issue is "generally open to governmental agencies," as provided by the zoning ordinance of the city of Beverly (by-law), § 38-2.43 (§ 38-2.43). We discern no error in the judge's interpretation of § 38-2.43 or the facts, and affirm.
Background. Godfrey seeks to build a house on a lot known as 66 Paine Avenue in Beverly (the property). Godfrey is the trustee for the John E. Godfrey Trust, which owns the property. The plaintiffs, all abutters to the property, contend that the property does not contain sufficient square footage for building. Under § 38-7(D) of the by-law, the property must be at least 90,000 square feet if Godfrey is to be permitted to build. Pursuant to § 38-2.43, space in a recorded easement or right of way (ROW) that serves other properties or is subject to restrictions that prevent the owner from making substantial use of the space does not count toward total lot size. However, ROWs "generally open to governmental agencies" do count toward total lot size. Here, the property has a forty foot wide ROW allowing access to other lots on Paine Avenue. Including the ROW, the property is over 90,000 square feet and is a buildable lot. However, excluding the ROW, the property falls short of 90,000 square feet.
On December 13, 2013, Godfrey obtained a building permit from the city of Beverly (city). The plaintiffs filed a request for enforcement, which the city building commissioner denied. The plaintiffs then appealed to the Beverly zoning board of appeals (board), which affirmed the building commissioner's decision. Pursuant to G. L. c. 40A, § 17, the plaintiffs then appealed the board's decision to the Land Court. After a bench trial, the Land Court affirmed the board's decision. This appeal followed.
Discussion. On this appeal we review only the judge's decision that the ROW on the property was "generally open to governmental agencies" as that phrase is used in § 38-2.43. We "review the judge's determinations of law, including interpretations of zoning bylaws, de novo," Shirley Wayside Ltd. Partnership v. Board of Appeals of Shirley, 461 Mass. 469, 475 (2012), but remain " 'highly deferential' to a board's interpretation of its own ordinances." Grady v. Zoning Bd. of Appeals of Peabody, 465 Mass. 725, 729 (2013), quoting from Wendy's Old Fashioned Hamburgers of N.Y., Inc. v. Board of Appeal of Billerica, 454 Mass. 374, 383 (2009). Further, "the judge's findings of fact will not be set aside 'unless they are clearly erroneous or there is no evidence to support them.' " Shirley Wayside, supra, quoting from Wendy's, supra.
The plaintiffs contend that in interpreting the language of § 38-2.43, the judge overemphasized the word "open," deemphasizing the word "generally." According to the plaintiffs, this rendered the word "generally" superfluous. We disagree.
"The traditional canons of statutory construction apply to zoning bylaws." Doherty v. Planning Bd. of Scituate, 467 Mass. 560, 567 (2014). If language in an ordinance is clear and unambiguous, we will enforce it according to its plain meaning. Martha's Vineyard Land Bank Commn. v. Board of Assessors of W. Tisbury, 62 Mass. App. Ct. 25, 27-28 (2004). In doing so, we give all words in a statute "their ordinary and usual meaning." Selectmen of Topsfield v. State Racing Commn., 324 Mass. 309, 312 (1949). Here, the language of § 38-2.43 is clear. "Generally" means "[a]s a rule; usually[;] ... [f]or the most part[;] ... [w]ithout reference to particular instances or details." The American Heritage Dictionary of the English Language 732 (4th ed. 2006). The evidence shows that the ROW is open to governmental agencies "usually" and "as a rule."
The ROW is part of a network of private roads, collectively called Paine Avenue. A neighborhood association maintains and plows the roads. There are "no trespassing" signs on the trees that line Paine Avenue, and residents of Paine Avenue close it off to the public every Fourth of July to deter crowds of people from using the roads to reach the seashore and watch fireworks.
Despite this, the residents of Paine Avenue need and use municipal services. At trial, residents testified that the police and fire department use Paine Avenue when called. The fire department once used the ROW on the property to get to a house further down the road. The conservation commission also used the ROW to inspect the property. Paine Avenue is closed only once a year; on all other days municipal vehicles may access it. Even if municipal vehicles only come to Paine Avenue when called, it is clear that Paine Avenue is "generally open" to them. Finally, the board, examining similar evidence, decided that Paine Avenue is "generally open to governmental agencies," a decision to which we owe deference. See Grady, 465 Mass. at 729. Accordingly, we discern no error.[5]
Judgment affirmed.

The plaintiffs also contend that the ROW exception to the lot size calculation in § 38-2.43 is unconstitutional. The plaintiffs did not properly raise this argument below, only mentioning it in proposed findings of fact and conclusions of law filed on the eve of trial, and the judge did not address it in his memorandum. Therefore, the issue is waived. See, e.g., M.H. Gordon & Son v. Alcoholic Bevs. Control Commn., 386 Mass. 64, 73 & n.6 (1982) (when a complaint mentions "violation of constitutional provisions" but the plaintiff does not develop the argument and the judge does not address it in his memorandum of decision, it is waived).