The plaintiff, 92 Montvale, LLC (Montvale), appeals from the entry of summary judgment by a judge of the Land Court that affirmed a decision of the zoning board of appeals of Stoneham (board). The board had upheld the denial of Montvale's application for a building permit to construct a light emitting diode (LED) monument sign (the LED sign) on its property. At issue is whether the LED sign, which has the ability to display images or messages at eight to ten second intervals, is an on-premises flashing sign that is prohibited under the town's zoning by-law. The judge concluded that the LED sign is a prohibited flashing sign and that the board did not act arbitrarily or capriciously by affirming the denial of Montvale's application for a building permit. We affirm.
Background. The following undisputed facts are taken from the summary judgment record. Montvale owns a multitenant commercial building located in the town's commercial I zoning district. On June 17, 2014, Montvale submitted an application for a building permit to construct a two-sided monument sign containing a LED panel, which would replace an existing monument sign in the same location.[2] The LED sign is an on-premises sign, which is defined in the by-law as "[a] sign that pertains to the uses of the premises on which it is located and maintained." By-law § 6.7.4.26. The messages on the LED sign are programmed to change at intervals of once every eight or ten seconds to display the names and logos of Montvale's tenants. The town building inspector denied Montvale's application on the grounds that (1) "[e]ach time the sign changes falls under the category of a flashing sign," which is prohibited under the by-law, and (2) "[t]hese signs also have the ability to have animation and scrolling messages which also are prohibited."
Montvale appealed the building inspector's decision to the board, challenging the building inspector's characterization of the LED sign as either flashing (and therefore prohibited) or capable of displaying animated or scrolling images (also prohibited). Pointing to the definitions of flashing signs propounded by the National Highway Traffic Safety Administration and the United States Coast Guard, which define flashing signs as signs which flash more frequently than every eight seconds, Montvale claimed that the LED sign is not a flashing sign. Montvale further asserted that the LED sign is not "animated" because there is no video, movement, or scene depiction.
After a public hearing on August 21, 2014, the board voted to affirm the building inspector's decision. Montvale filed a petition to reconsider, which was denied. In a written decision dated December 11, 2014, the board explained its reasoning as follows:
"Though helpful, the highway traffic safety administration and the coast guard definitions of signs which flash, are not dispositive here. Both marine traffic and highway traffic differ dramatically from motor vehicle traffic in a community like Stoneham. Accordingly, what constitutes a flashing sign in Stoneham must be interpreted within the limited context of Stoneham. Here, there is no dispute that the sign is illuminated. There is no dispute that the sign changes every eight seconds, thus changing the character of the light emanating from the sign."[3]
Montvale appealed the board's decision pursuant to G. L. c. 40A, § 17.[4] On cross motions for summary judgment, the judge upheld the board's decision.[5] On appeal, Montvale makes essentially the same arguments that it raised in the Land Court. First, Montvale claims that the LED sign is not a "flashing" sign within the meaning of the by-law because the question whether a sign is flashing under the by-law depends upon the duration of each message and not on the mere fact that the message changes. Montvale does not dispute that the LED sign has "intermittent" digital changes, but it argues that the LED sign does not "flash" because those changes occur only every eight seconds. Second, Montvale argues that the board's inconsistent application and interpretation of the by-law violates its right to due process.
Discussion. We review the Land Court judge's summary judgment decision de novo, Deadrick v. Zoning Bd. of Appeals ofChatham, 85 Mass. App. Ct. 539, 543-544 (2014), but we remain "highly deferential" to a board's interpretation of its own ordinances. Grady v. Zoning Bd. of Appeals of Peabody, 465 Mass. 725, 729 (2013) (quotation omitted).
1. The board's finding that the LED sign is a flashing sign. "When interpreting bylaws, we resort to familiar rules of statutory construction." Plainville Asphalt Corp. v. Plainville, 83 Mass. App. Ct. 710, 712 (2013). "We first look to the language of the bylaw and, where that language is plain and unambiguous, we enforce the bylaw according to its plain wording." Id. at 712-713. The by-law defines a flashing sign as one "that contains an intermittent or sequential flashing light source." "Intermittent" is not defined in the by-law, but the judge noted that it is defined in the American Heritage Dictionary (5th ed.) as "stopping or starting at intervals."
There is no dispute that the LED sign has intermittent digital changes. While Montvale argues that the length of the intermittent change is critical, the board rejected Montvale's interpretation of flashing as depending on the duration of the intermittent light source. Instead, the board concluded that a change in message every eight seconds is actually a change from one lighted image of a name or logo to another, and, therefore, the LED sign is consistent with the ordinary meaning of an "intermittent" (flashing) light source. In other words, because the message on the LED sign changes every eight seconds, the sign's lighting is necessarily intermittent. The board also noted that the only signs that are allowed under the by-law to have changeable messages are billboards and off-premises signs. See by-law § 6.7.8.2(6)(iii) (prohibiting off-premises and billboard changeable message signs that change at intervals of more than once every eight seconds).
The board was entitled to reject Montvale's proposed alternate definitions of "flashing." See Davis v. Zoning Bd. of Chatham, 52 Mass. App. Ct. 349, 356 n.11 (2001), quoting from Conservation Commn. of Falmouth v. Pacheco, 49 Mass. App. Ct. 737, 740 n.3 (2000) ("[I]f [an] agency has, in the discretionary exercise of its expertise, made a choice between two fairly conflicting views, and its selection reflects reasonable evidence, [a] court may not displace the agency's choice"). Because the board reasonably could conclude that the LED sign is a flashing one under the by-law's definition of flashing, its determination that the building inspector correctly denied Montvale a building permit is entitled to deference. See Pelullo v. Croft, 86 Mass. App. Ct. 908, 909 (2014) ("[A] court owes deference to the interpretation of a zoning by-law by local officials only when that interpretation is reasonable"). "A zoning board of appeals is entitled to 'all rational presumptions in favor of its interpretation of its own by-law.' " Building Commr. of Franklin v. Dispatch Communications of New England, Inc., 48 Mass. App. Ct. 709, 713 (2000), quoting from Fafard v. Conservation Commn. of Reading, 41 Mass. App. Ct. 565, 572 (1996). We therefore conclude, as did the judge, that the board's decision was not arbitrary, capricious, or erroneous as a matter of law.
2. Alleged inconsistency in application of the by-law. Montvale next argues that the board inconsistently has interpreted the by-law because it has permitted flashing signs similar to the LED sign at other locations. We agree with the judge that the record does not support Montvale's claim. All of the signs to which Montvale points are either (1) off-premises or billboard signs, which are allowed only by special permit, or (2) on-premises signs for which a variance has been granted or the message changes only once per day. By contrast, the LED sign is on-premises, Montvale did not seek or obtain a variance, and the message will change more than once a day. The record thus contradicts Montvale's assertions and demonstrates that the building inspector and the board have been consistent in their interpretation and application of the by-law.[6]
Judgment affirmed.

The LED sign conforms to all area, dimensional, and setback requirements of the zoning by-law.

The board did not address the portion of the building inspector's decision denying Montvale's application on the ground that the LED sign is animated, although the defendants made this argument in support of their motion for summary judgment. In light of his conclusion that the LED sign is a flashing one, the judge did not address the question whether the LED sign also is animated. We too decline to address this issue.

Montvale filed its complaint under G. L. c. 40A, § 17, and G. L. c. 249, § 4. However, because neither party argued the issues under G. L. c. 249, § 4, and because that statute applies to proceedings that are not otherwise reviewable on appeal, the judge proceeded under G. L. c. 40A, § 17, and deemed the issues under G. L. c. 249, § 4, waived. Montvale does not make any argument on appeal regarding this ruling.

After the hearing on the motions for summary judgment but before the judge rendered his decision, the town amended the bylaw so as to prohibit the type of sign Montvale sought to construct. Montvale brought this amendment to the judge's attention by filing a "Notice of Amendment of Applicable Zoning By-law." The judge concluded that the change in the by-law, which was enacted after Montvale sought a building permit to erect the LED sign, was not applicable. Montvale challenges this ruling on appeal. We agree with the judge that the amendment has no bearing on the issues raised in this case.

In her affidavit, the building inspector avers that she has brought enforcement actions against various property owners who have signs that display changing messages on the basis that the signs are flashing signs that are prohibited by the by-law. These actions were taken with respect to on-premises and off-premises signs.