NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-773

MATTHEW GUINEY

vs.

STANLEY J. MILLER & others.[1]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendant, Stanley Miller, appeals from a judgment of the Land Court declaring that his property is not entitled to the single lot exception of the town of Norwell zoning bylaw (bylaw) and therefore must comply with the bylaw's front yard setback requirement. Miller does not raise any arguments on the merits but argues that the judge erred in finding that the plaintiff had standing to bring the claim. Specifically, Miller argues that the judge's privacy analysis was flawed and that she improperly considered a trial exhibit. We affirm.

Background. The plaintiff in August 2019 filed a claim against Miller and the other defendants seeking a declaration

_____

[1] Town of Norwell and Thomas M. Berry in his capacity as building commissioner and zoning enforcement officer for the town of Norwell.

pursuant to G. L. c. 240, § 14A, that Miller's lot was not eligible for the single lot exception articulated in Article 4, Section 201-4.5 of the bylaw, and therefore was not exempt from the fifty-foot front yard setback requirement articulated in Article 4, Section 201-9.4(A). The defendants moved to dismiss the case on the grounds that the plaintiff lacked standing to bring the claim. The plaintiff opposed the motion to dismiss and filed a cross motion for summary judgment. The judge denied the defendants' motion to dismiss after finding that the plaintiff had alleged sufficient possible injury to establish standing to bring the claim. The judge also denied the plaintiff's motion for summary judgment after concluding that disputed issues of material fact remained as to how much of the plaintiff's property would be visible from Miller's lot.

The sole issue at trial was whether the plaintiff had standing to bring the claim. The plaintiff introduced documentary and testimonial evidence concerning the proximity of Miller's proposed structure to the plaintiff's home and what portions of the plaintiff's property would be visible from the proposed structure. The judge also visited the properties and viewed for herself how much of the plaintiff's property was visible from the Miller's plot.

Following the trial, the judge found that the construction of the proposed home at a thirty-foot setback would sufficiently

2

infringe on the plaintiff's privacy to establish standing for the plaintiff to challenge Miller's use of the single lot exception to the standard fifty-foot setback requirement. After the judge determined that the plaintiff had standing to bring the claim, the plaintiff filed a renewed motion for summary judgment arguing that Miller's property is not entitled to the exception and must meet all applicable provisions of the bylaw. On March 10, 2023, the judge allowed the plaintiff's motion and entered a declaratory judgment that the exception does not apply. Miller appeals.

Discussion. Miller first argues that the judge abused her discretion by relying on Exhibit 9, a plan prepared by the plaintiff's engineering expert, which was admitted in evidence at trial. The parties stipulated to the admission of Exhibit 9. Miller now argues that the exhibit was effectively "debunked" and "supplanted and corrected by other evidence," such that it "effectively was no longer a part of the record." But the fact that one exhibit is admitted which may contradict another does not make the first exhibit inadmissible. While Miller argues that the evidence contradicted Exhibit 9, the judge reached a different conclusion, which is her purview. See Commonwealth v. Gumkowski, 487 Mass. 314, 329 (2021). Furthermore, Miller's own engineering expert testified that Exhibit 9 accurately showed the relationship between the plaintiff's property and Miller's

3

property.  See Federico v. Ford Motor Co., 67 Mass. App. Ct. 454, 459 (2006).

Miller also argues that the judge erred in finding that the plaintiff's property was sufficiently affected by Miller's proposed construction to provide standing under G. L. c. 240, § 14A.  "On appellate review, we defer to the factual findings of the trial judge unless they are clearly erroneous."  Grady v. Zoning Bd. of Appeals of Peabody, 465 Mass. 725, 728 (2013).  Cf.  Kenner v. Zoning Bd. of Appeals of Chatham, 459 Mass. 115, 119 (2011) (standing under the zoning laws "essentially becomes a question of fact for the judge").  Because the statute "is to be given a 'broad construction,'" a plaintiff challenging a zoning action under G. L. c.  240, § 14A, "need not demonstrate that he will suffer an injury that is special and different from that experienced by the general community."  Hanna v. Framingham, 60 Mass. App. Ct. 420, 422-423 (2004).  For example, a landowner's "[c]oncerns over increased traffic . . . may be used to support standing."  Id. at 423.

Miller argues that, under G. L. c. 214, § 1B, the judge needed to find that Miller's structure would infringe on the plaintiff's "right against unreasonable, substantial or serious interference with his privacy."  But this is not the correct legal standard under which a plaintiff's standing to file a claim under c. 240, § 14A is assessed.  The plaintiff did not

4

need to establish the elements necessary to bring an invasion of privacy claim for damages under c. 214, § 1B. The plaintiff only needs to establish that Miller's proposed home would restrict or limit "the present or future use, enjoyment, improvement or development" of the plaintiff's property. CommCan, Inc. v. Mansfield, 488 Mass. 291, 294 (2021).

The judge found that the plaintiff's "use and enjoyment of his property would be directly and adversely affected by construction of a house set back thirty feet from the private way, Harbor Lane, as proposed by Miller." Miller provides no support that contradicts the judge's findings and, as noted above, we are unpersuaded that the judge erred by considering Exhibit 9. The judge's finding that the evidence was sufficient to establish the plaintiff's standing is not clearly erroneous. We therefore conclude that Miller's argument lacks merit.

Appellate costs. The plaintiff has requested that this court award him attorney's fees and costs incurred in defending this appeal on the grounds that the appeal was frivolous. See Mass. R. A. P. 25, as appearing in 481 Mass. 1654 (2019). We agree that fees and costs are appropriate in this case. See Avery v. Steele, 414 Mass. 450, 456 (1993). Consistent with the requirements of Fabre v. Walton, 441 Mass. 9, 10-11 (2004), the plaintiff may file a request for attorney's fees and costs, along with supporting documentation, within fourteen days of the

5

issuance of the decision in this case.  The defendant Miller shall have fourteen days thereafter within which to respond.

<u>Judgment affirmed</u>.

By the Court (Massing, Shin & D'Angelo, JJ.[2]),

Assistant Clerk

Entered:  May 28, 2024.

---

[2] The panelists are listed in order of seniority.